IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL F. WEST, | No. CIV S-09-0260-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| JAMES D. HARTLEY, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondent's unopposed motion to dismiss (Doc. 23) this petition as second or successive.

Petitioner was found guilty of robbery and resisting arrest and was sentenced to 13 years in prison. After the state courts denied relief, petitioner filed a petition for a writ of habeas corpus in this court, case no. CIV-S-07-1048-JLQ. On October 27, 2009, the court denied relief and entered judgment. Respondent contends that the instant petition is a second or successive petition.

1  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  Neither the United States Supreme Court nor the Ninth Circuit has decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits.  The Second Circuit has concluded that such a dismissal is a merits determination.  See Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005).  While not directly answering the question, the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005).  Other courts have followed Murray.  See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006). This court agrees with the Murray conclusion.  In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is

2

distinguishable from a timeliness dismissal, which is with prejudice to returning to federal court. Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

In this case, the court agrees with respondent that the instant petition is second or successive. To the extent petitioner raises the same claims now as he did before, such claims must be dismissed. See 28 U.S.C. § 2244(b)(1). To the extent petitioner is attempting in this case to raise claims not previously raised, this court lacks jurisdiction to consider the petition because petitioner has not obtained leave from the Ninth Circuit Court of Appeals to raise new claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's unopposed motion to dismiss (Doc. 23) is granted;

2. This action is dismissed; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 12, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE